UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>LUANN RENFROW,<br><br>    Defendant,<br><br>  and<br><br>GREENWAY-SOUTHLAKE OFFICE PARTNERS L.P.,<br><br>    Garnishee. | C17-1305 TSZ |
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>LUANN RENFROW,<br><br>    Defendant,<br><br>  and<br><br>GREENWAY-LAKEWOOD PARTNERS, L.P.,<br><br>    Garnishee. | C17-1306 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on defendant Luann Renfrow's motions, docket no. 13 in C17-1305 and docket no. 12 in C17-1306, to modify the Writs of Continuing Garnishment issued in each case. Having reviewed all papers filed in support of, and in opposition to, the motions, the Court enters the following order.

ORDER - 1

**Background**

Defendant pleaded guilty to aiding and abetting investment advisor fraud and was sentenced to two years imprisonment. *See* Am. Judgment (CR16-269, docket no. 25). Defendant was ordered to pay restitution in the amount of $4,183,500. *Id.* In July 2017, the Government successfully applied for three writs of continuing garnishment, naming as garnishees Scottrade (Case No. 17-mc-67), Greenway-Southlake Office Partners, L.P. (Case No. 17-mc-65, now C17-1305), and Greenway-Lakewood Partners, L.P. (Case No. 17-mc-66, now C17-1306). Defendant did not request a hearing or otherwise object as to the garnishment proceeding involving her rollover individual retirement account ("IRA") with Scotttrade, and the garnishee was directed to pay to the Court the entire amount in such account (estimated to be $114,546.99, less any federal tax withholdings paid to the Internal Revenue Service), so that such funds could be applied to defendant's restitution obligation. Order (17-mc-67, docket no. 9).

With regard to the other two proceedings, defendant moves to limit the amount subject to garnishment, citing the Consumer Credit Protection Act ("CCPA"), which provides, in relevant part, that "the maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed . . . 25 per centum of his disposable earnings for that week." 15 U.S.C. § 1673(a)(1). Under the CCPA, the term "earnings" means "compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program." 15 U.S.C. § 1672(a). The phrase "disposable earnings" is defined as the part of an individual's

earnings that remains after deducting amounts required by law to be withheld. 15 U.S.C. § 1672(b).

Defendant contends that the funds due to her on a quarterly basis from garnishees Greenway-Southlake Office Partners, L.P. ($200 per quarter) and Greenway-Lakewood Partners, L.P. ($3,000 per quarter) constitute "earnings" within the meaning of the CCPA. According to defendant, while she was employed with Med-Data, Inc., a portion of her salary was contributed to a 401(k) pension plan administered by Nationwide Life Insurance Company. Renfrow Decl. at ¶ 1 (C17-1305, docket no. 15; C17-1306, docket no. 14). In 2003, when defendant began working for her former husband's company, the Spangler Group, Inc. ("Spangler"), the amount in the Med-Data plan ($82,814.73) was rolled over into Spangler's retirement program. See id. at ¶ 1 & Ex. 1. The assets of Spangler's retirement program were invested with garnishees Greenway-Southlake Office Partners, L.P. and Greenway-Lakewood Partners, L.P. (collectively, "Greenway"). Id. at ¶ 1.

Spangler's retirement program was eventually placed into state court receivership proceedings and liquidated. See Order (C14-1203, docket no. 28). Defendant's share of the funds in the retirement program was calculated to be 26.1% or $99,963. Id.; see also Prelim. Jt. Stmt. (C14-1203, docket no. 25); Stipulation (C14-1203, docket no. 27). The other 73.9% of the assets of Spangler's retirement program were garnished and later applied to defendant's ex-husband's special assessment and restitution obligations. See Order (C14-1203, docket no. 28); see also Order (CR12-133, docket no. 212). After the amount subject to garnishment relating to defendant's ex-husband's criminal matters was disbursed, the ownership interest in the Greenway accounts was apparently transferred

from Spangler's retirement program to defendant.  *See* Renfrow Decl. at ¶¶ 3-4 & Ex. 3. Defendant argues that the funds remaining in the Greenway accounts should be treated as "disposable earnings" subject to the CCPA's 25% cap on garnishment.

**Discussion**

The Mandatory Victims Restitution Act of 1996 ("MVRA") authorizes the United States to "enforce a judgment imposing a fine in accordance with the practice and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a).  The MVRA provides that, "[n]otwithstanding any other Federal law . . . , a judgment imposing a fine may be enforced against *all property or rights to the property of the person fined*," except that certain property exempt from levy for taxes is likewise exempt under the MVRA.  *Id.* (emphasis added).  The MVRA is also subject to the CCPA's 25% limit on the garnishment of disposable earnings.  *Id.* at § 3613(a)(3).

The Ninth Circuit has interpreted the MVRA to allow the Government to reach retirement plan benefits despite the anti-alienation provision of the Employee Retirement Income Security Act of 1974 ("ERISA").  *United States v. Novak*, 476 F.3d 1041 (9th Cir. 2007) (en banc).  The Government, however, can garnish the corpus of an ERISA plan to satisfy a restitution obligation only if the terms of the plan permit the judgment debtor to demand a lump sum payment at the present time.  *Id.* at 1060-64.  As in the tax levy context, in enforcing a restitution order, the Government's right is merely "to step into the *defendant*'s shoes," and it cannot cash out a retirement plan when the defendant would be prohibited by ERISA or the terms of the plan from doing so.  *See id.* at 1063 (emphasis in original); *see also United States v. Sayyed*, 186 F. Supp. 3d 879, 882-83 (N.D. Ill. 2016).

ORDER - 4

As the movant seeking to amend the Writs of Continuing Garnishment, defendant bears the burden of proving that the Writs are, in their present form, invalid. See Novak, 476 F.3d at 1064; see also 28 U.S.C. § 3205(c)(5). Defendant has not, however, met her burden. She has offered no evidence to suggest that she could not immediately withdraw the entire amount in either or both of the Greenway accounts.[1] Instead, she has relied on cases that are factually distinguishable because they deal with monthly pension benefits, as opposed to the corpus of a 401(k) account. See United States v. DeCay, 620 F.3d 534 (5th Cir. 2010) (holding that the United States could garnish only 25% of the defendant's monthly benefit from the Louisiana Sheriffs Pension and Relief Fund); United States v. Miller, 588 F. Supp. 2d 789 (W.D. Mich. 2008) (issuing order of garnishment allowing the United States to seize 25% of the defendant's monthly benefit from the General Motors Hourly Pension Plan); United States v. Wilson, 2007 WL 4557774 (S.D. Ga. Dec. 20, 2007) (granting the Government's proposed writ of continuing garnishment in the amount of 25% of the defendant's monthly benefit from the Teachers Retirement System of Georgia).[2]

---

[1] Because defendant is over the age of 59½, she would not be required to pay a penalty for early withdrawal of the funds in the Greenway accounts. See 26 U.S.C. § 72(t)(2)(A)(i). Even if, however, such 10% tax penalty did apply for voluntary withdrawal, it would not be imposed in connection with involuntary garnishment to pay a criminal restitution obligation. See Sayyed, 186 F. Supp. 3d at 884 (citing IRS Private Letter Ruling 200426027 at 12-13 (Mar. 30, 2004)).

[2] Other decisions cited by the parties are not on point. In Usery v. First Nat'l Bank of Ariz., 586 F.2d 107 (9th Cir. 1978), the issue was whether compensation paid to an employee retains its character as "earnings" after it is deposited directly into the employee's bank account. Id. at 108. A bank account is not analogous to a 401(k) plan, and the Government's reliance on Usery is misplaced. Contrary to defendant's suggestion, Aetna Cas. & Surety Co. v. Rodco Autobody, 965 F. Supp. 104 (D. Mass. 1996), did not apply the 25% limit at issue, but rather drew the conclusion that voluntary contributions to an IRA (as opposed to a 401(k) plan) do not qualify as "earnings" and are not protected under the CCPA. Id. at 109.

ORDER - 5

District courts that have addressed the specific issue before the Court have held that the Government is not bound by the CCPA's 25% limit when garnishing either the corpus of, or periodic disbursements from, a 401(k) account.  *See* *Sayyed*, 186 F. Supp. 3d at 881-82; *United States v. Gaddis*, 2010 WL 908666 at *2 (W.D. Okla. Mar. 9, 2010) (reasoning that "when Defendant's wages were deposited into his [401(k)] retirement account, they were essentially transformed into investments, since the value of the account could fluctuate depending on a number of market factors," and thus, garnishment of the distributions from the account was "not limited by the provisions of the CCPA"); *United States v. Beasley*, 2010 WL 99363 (N.D. Tex. Jan. 8, 2010).  Unlike in *Gaddis*, in this matter, defendant has made no showing that she is precluded from requesting a lump-sum withdrawal of the funds in the Greenway accounts.  *See* *Gaddis*, 2010 WL 908666 at *1.  Defendant has not sustained her burden to demonstrate that the Writs of Continuing Garnishment must be modified to limit the Government to 25% of the funds remaining in the Greenway accounts or that the Government may not garnish the corpus of, as opposed to the quarterly distributions from, the accounts.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Defendant's motions, docket no. 13 in C17-1305 and docket no. 12 in C17-1306, to modify the Writs of Continuing Garnishment issued in each case, are DENIED.

(2) Garnishees Greenway-Southlake Office Partners, L.P. and Greenway-Lakewood Partners, L.P. shall deposit into the Registry of the Court the entire amount, less any federal tax withholdings paid to the Internal Revenue Service, of non-exempt

funds in any and all accounts in garnishees' possession, custody, or control, in which defendant/judgment debtor Luann Renfrow has an interest.  _See_ Local Civil Rule 67(a).

(3) After the funds described in Paragraph 2, above, are deposited into the Registry of the Court, they shall be applied to defendant/judgment debtor's outstanding restitution obligation.

(4) The Clerk is DIRECTED to send a copy of this Order to all counsel of record and garnishees Greenway-Southlake Office Partners, L.P. and Greenway-Lakewood Partners, L.P., and to CLOSE this case.  If garnishees have any questions about the process for depositing funds into the Registry of the Court, they may contact either SueLynn Vazquez (206-370-8417) or Shannon Gregor (206-370-8416).

IT IS SO ORDERED.

DATED this 13th day of December, 2017.

Thomas S. Zilly
United States District Judge